UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------X
ROY HARRIGER,

           Plaintiff,

    -against-

SGT. ROBERT DUNBAR,

           Defendant.
------------------------------------X

**COMPLAINT**

<u>Plaintiff Demands
Trial by Jury</u>

        Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendant, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

        1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

        2. That at all times herein mentioned, plaintiff was an inmate at the Attica Correctional Facility (Attica), in Attica, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

        3. That at all times herein mentioned, defendant Sgt. Robert Dunbar (hereinafter "defendant" or "Dunbar") was and is a citizen of the State of New York.

        4. That at all times herein mentioned, Dunbar was and is employed as a sergeant at Attica by DOCCS.

        5. That at all times herein mentioned, Dunbar was acting within the course and scope of his employment as a DOCCS sergeant.

        5a. That alternatively, at all times herein mentioned, Dunbar was acting with motives independent of any legitimate purpose associated with his position as a

DOCCS sergeant, and was acting with a personal stake in the outcome of his actions separate from the interests of DOCCS.

6. That at all times herein mentioned, Dunbar was acting under color of state law.

7. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

## VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS

8. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

9. That at all times herein mentioned, plaintiff was incarcerated and in the custody of DOCCS, having been convicted of course of sexual conduct of a child in the first degree.

10. That on May 13, 2015, plaintiff was housed in "C Block" at Attica.

11. That on May 13, 2015, plaintiff was 71 years old and walked with the use of a cane.

12. That on May 13, 2015, Dunbar was the sergeant in charge of C Block.

13. That as the sergeant in charge of C Block, Dunbar was responsible for supervising the inmates in C Block.

14. That as the sergeant in charge of C Block, Dunbar knew of plaintiff's crime of conviction, and bore personal animus toward plaintiff as a result of plaintiff's crime of conviction.

15. That as the sergeant in charge of C Block, Dunbar was responsible for supervising the other officers who worked in C Block.

16. That on the morning of May 13, 2015, Dunbar directed a corrections officer to bring plaintiff to Dunbar's office.

17. That following Dunbar's directive, a corrections officer, in the presence of Dunbar, grabbed plaintiff and with great and unnecessary force pushed him into Dunbar's office, causing plaintiff to stumble.

18. That the actions of the corrections officer in grabbing plaintiff and forcibly pushing him into Dunbar's office were malicious and sadistic, and were undertaken without any provocation or justification, and not in furtherance of any legitimate penological interest.

19. That Dunbar observed the aforesaid actions of the corrections officer.

20. That Dunbar failed to admonish the corrections officer in any manner for the aforesaid actions that the officer took toward plaintiff.

21. That after plaintiff was inside Dunbar's office, Dunbar openly expressed hostility and contempt for plaintiff in the presence of other corrections officers.

22. That in the presence of other corrections officers, Dunbar directed plaintiff not to sit his "nasty ass" in a chair in the office, and Dunbar directed plaintiff instead to sit on an overturned garbage pail inside the office.

23. That following a brief conversation with plaintiff, and referring to plaintiff, Dunbar then directed a corrections officer to "get this piece of shit out of my office."

24. That following Dunbar's directive, a corrections officer, in the presence of Dunbar, grabbed plaintiff, slammed him against a wall, and directed plaintiff to remain with his face against the wall.

25. That the corrections officer, again in the presence of Dunbar, then threatened plaintiff that if he took his head off the wall he would break plaintiff's head in four pieces.

26. That the actions of the corrections officer in grabbing plaintiff, slamming him against the wall, and threatening him, were malicious and sadistic, and undertaken without any provocation or justification, and not in furtherance of any legitimate penological interest.

27. That Dunbar observed the aforesaid actions of the corrections officer.

28. That Dunbar again failed to admonish the corrections officer in any manner for the aforesaid actions that the officer took toward plaintiff.

29. That after plaintiff stood with his face against the wall for approximately fifteen minutes, a corrections officers forcibly grabbed plaintiff and, in the presence of Dunbar, physically dragged plaintiff from Dunbar's office.

30. That Dunbar observed the aforesaid actions of the corrections officer.

31. That Dunbar again failed to admonish the corrections officer in any manner for the aforesaid actions that the officer took toward plaintiff.

32. That at all times herein mentioned, Dunbar had an opportunity to intervene to stop or prevent any further acts of hostility or unjustified force against plaintiff by the corrections officers, but deliberately failed and refused to do so.

33. That Dunbar's failure to admonish the corrections officers and his failure to intervene to stop or prevent any further acts of hostility or unjustified force against plaintiff, and Dunbar's own expressions of hostility and contempt for plaintiff in the presence of other corrections officers, prompted and importuned those officers to continue with their illegal and improper conduct toward plaintiff.

34. That after plaintiff was physically dragged from Dunbar's office, one or more corrections officers, without any legal provocation or justification, and not in furtherance of any legitimate penological interest, brutally attacked, assaulted, and battered plaintiff by, among other things, striking plaintiff multiple times in the head and neck with a night stick, causing plaintiff to sustain severe and permanent personal injuries.

35. That Dunbar observed and/or heard and/or otherwise knew about the brutal physical attack on plaintiff while it was occurring, had a reasonable opportunity to intervene to prevent the attack and to stop the attack from continuing, but deliberately failed and refused to do so.

36. That Dunbar orchestrated and set in motion the physical attack on plaintiff.

37. That Dunbar participated in the physical attack on plaintiff.

38. That following the incident of May 13, 2015, and although he was in charge of plaintiff's housing unit and the inmates and officers therein, Dunbar failed to document any portion of his May 13 interaction with plaintiff and failed to document in any manner the circumstances under which plaintiff sustained his injuries.

39. That following the incident of May 13, 2015, the DOCCS Office of Special Investigations (OSI) conducted an extensive investigation of the allegation that plaintiff had been assaulted by corrections officers at Attica.

40. That as part of its investigation, OSI interviewed and questioned Dunbar about his knowledge of the events of May 13, 2015 and the identity of the officers who were present when plaintiff was injured.

41. That in its Final Investigative Report, OSI noted that while Dunbar admitted that he met with plaintiff on May 13, 2015 just prior to the time when plaintiff sustained his injuries, during OSI's questioning of Dunbar "[a]ny attempt to identify staff members was met with 'I don't recall,' nearly thirty times."

42. That at the conclusion of its investigation, OSI "substantiated" the claim that plaintiff had been assaulted inside Attica, but determined that "there is no way to attribute the assault to any specific individual due to a systemic lack of reporting, documentation, and recollection."

43. That the aforementioned actions by Dunbar and the corrections officers were undertaken pursuant to an agreement and conspiracy between Dunbar and the corrections officers surreptitiously to inflict unnecessary, unjustified, and wanton injuries and pain and suffering upon plaintiff, in violation of the prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution.

44. That as a result of the actions of Dunbar and the corrections officers, plaintiff sustained severe and grievous personal injuries that have left him permanently paralyzed and confined to a wheelchair.

45. That as a result of the actions of Dunbar and the corrections officers, plaintiff has endured and will continue to endure pain and suffering and loss of enjoyment of life, incurred and will continue to incur medical and other expenses related to his disability, incurred and will continue to incur other economic loss, and has been otherwise damaged.

46. That the actions of Dunbar and the corrections officers were intentional, malicious, and sadistic.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983: Eighth Amendment)

47. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

48. That the aforementioned acts by Dunbar and the resulting injuries to plaintiff were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment.

49. That as a result thereof, plaintiff is entitled to recover damages from defendant pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983: Conspiracy)

50. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

51. That the aforementioned acts by Dunbar and resulting injuries to plaintiff were in furtherance of an agreement and conspiracy between Dunbar and the

officers to violate rights guaranteed to plaintiff under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment.

52. That as a result thereof, plaintiff is entitled to recover damages from defendant pursuant to 42 U.S.C. § 1983.

WHEREFORE, plaintiff demands judgment against defendant on the foregoing causes of action for compensatory damages in the amount of Ten Million ($10,000,000.00) Dollars, and punitive damages in the amount of Ten Million ($10,000,000.00) Dollars, and plaintiff seeks attorneys' fees against defendant pursuant to 42 U.S.C. § 1988, and plaintiff seeks interest, costs, and disbursements of this action.

Dated: New York, New York
       May 1, 2018

Yours, etc.
Sivin & Miller, LLP

By_____
   Edward Sivin
Attorneys for plaintiff
20 Vesey St., Suite 1400
New York, NY  10007
(212) 349-0300